ANDREW DASSANCE v. P. F. COLD, Appellant.

**Sub-letting Rent Terms:** LIABILITY OF ORIGINAL LESSEE: *Storm clause.* Where a farm lease provides that, if one-fourth of the growing crops shall be destroyed by wind, the lessor will accept one-third of that remaining, in lieu of the cash rent, the lessee, by sub-letting his term, so as to make it impossible for him to deliver any of the crop, becomes liable for the cash payment, though a fourth of the crop was thus destroyed; there being no privity between the lessor and the sub-lessee; especially where said share was never tendered the landlord.

*Appeal from Shelby District Court.*—HON. N. W. MACY, Judge.

SATURDAY, APRIL 10, 1897.

ACTION at law to recover on two promissory notes. When the evidence had been fully submitted, a verdict in favor of the plaintiff for the amount of the notes, was returned by direction of the court, and judgment was rendered accordingly. The defendant appeals.— *Affirmed.*

*Thos. H. Smith* for appellant.

*G. W. Cullison* for appellee.

ROBINSON, J.—In December, 1893, the parties to this action entered into an agreement in writing by

which the plaintiff leased to the defendant, for the term of two years from the first day of the next March, one hundred and sixty acres of land in Shelby county. The rent agreed upon was the sum of four hundred dollars for each year, and for the amount to be paid the first year, the defendant gave to the plaintiff the notes in suit. The lease contained the following provision: "And the said party of the second part agrees to pay the party of the first part the cash rent of four hundred dollars, to be paid as above stipulated; and it is further agreed that if one-fourth of the crop is destroyed while growing, by hail, wind, tornado, or other unavoidable accident, then the said Dassance agrees to take one-third of the crop raised and grown on said premises during such year in lieu of cash rent. * * *" The lease also contained covenants on the part of the defendant to the effect that he would use the premises as a farm; that he would not use nor permit them to be used for any unlawful purpose, that he would take due care of them, and surrender them at the end of the lease. The words, "that I will not sell, assign, or underlet or relinquish the said premises without the written consent of the lessor," which the blank used for the lease contained, were stricken out before it was signed, and it does not contain any provision forbidding the assignment of the lease or the sub-letting of the leased premises. The lease was made on the part of the plaintiff by an agent who was informed at the time that defendant intended to sub-let the land. After the lease was made, the defendant gave a written lease of the land to a man named Benson for the year which commenced March 1, 1894, at the agreed rent of three dollars per acre for eighty acres, and a little more than that sum for the remainder. The crops for that year were so injured by dry weather and hot winds which prevailed for several days in July, that more than one-fourth of

the crop was destroyed, and the defendant claims that in consequence of the injury thus sustained he is not liable on the notes in suit. It may be conceded for the purposes of this case, that the injury stated was due to wind, within the meaning of that part of the lease which provided that a share of the crop should be received as rent in lieu of money, in case one-fourth of the crop should be destroyed by wind, and we are then required to determine whether the defendant may take advantage of that provision. The transaction between the defendant and Benson was not an assignment of the lease, but a sub-letting of the leased premises. *Collamer v. Kelley*, 12 Iowa, 320. It did not give to Benson any right to claim the benefit of the provision in question, but his liability for the payment of the sums stipulated in his agreement was absolute. The defendant did not cultivate the land, and did not have the right to demand the crops raised, nor any part of them, by virtue of his lease to Benson. That divested him of the control of the land and of the crops which should be grown thereon, and made it impossible for him to deliver any share of the crops to the plaintiff without the consent of Benson. It is true that, by some arrangement made after the injury to the crops had been sustained, Benson is to pay the defendant only what he is required to pay the plaintiff, and a small part of the crops raised has been delivered to the defendant, but that arrangement is immaterial to a decision of this case, and the defendant has never tendered to the plaintiff one-third nor any other part of the crop raised. We are of the opinion that had the defendant duly tendered the share provided for in the lease, and kept the tender good, it would have discharged his obligations on the notes in suit; but he did not make such tender, and has never had it in his power to make it. The plaintiff had no claim against Benson, and no right to the crops he raised, excepting

the right to a lien thereon to secure the payment of the notes in suit. Under the circumstances disclosed by the record, the injury to the crops did not operate to substitute a liability to deliver a share of those grown for the obligation to pay the notes in suit. Since the share designated in the lease has not been tendered to the plaintiff, and he has no right to it, he is entitled to recover the amount of the notes. There is no substantial conflict in the evidence in regard to material facts, and the district court, therefore, properly directed a verdict for the plaintiff. Its judgment is AFFIRMED.